UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THOMAS J. WALSEN, ) | |
|     Plaintiff, ) | Case No. 1:13-CV-243 |
| ) | |
| v. ) | Judge Dan Aaron Polster |
| ) | |
| ALCOA, INC., ) | **MEMORANDUM OF OPINION AND ORDER** |
| ) | |
|     Defendant. ) | |

Before the Court is Defendant Alcoa, Inc.'s ("Alcoa") Motion to Dismiss Plaintiff Thomas J. Walsen's Complaint ("Motion") (Doc. # 6). The Court has reviewed the Motion and memorandum in support, Plaintiff's memorandum in opposition to the Motion (Doc. # 7), and the Defendant's reply in support of its Motion (Doc. # 8). Alcoa seeks to dismiss, with prejudice, Thomas J. Walsen's ("Walsen") complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. Alcoa also seeks to strike Walsen's jury demand. For the following reasons, the Motion is GRANTED. Alcoa's motion to strike Walsen's jury demand is DENIED as moot.

**I.   Background**

Plaintiff Walsen is a former employee of Defendant Alcoa. In 2009, Walsen took an early retirement from Alcoa. When Walsen retired from Alcoa, Walsen and Alcoa executed a separation agreement. (Doc. # 1, Ex. A). The separation agreement outlines terms regarding Walsen's retirement and pension benefit payments set forth in a "Plan." The Plan is governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§

1001 *et seq.*[1]  Walsen does not dispute that the Plan is an ERISA-governed plan.  After Walsen retired, he started receiving pension benefit payments pursuant to the separation agreement.  Walsen alleges that after Alcoa made a one-time payment of $10,103.15 and the first monthly payment of $2,879.34 due under the separation agreement and Plan, Alcoa reduced the subsequent monthly payments to $1,790.49.  The crux of Walsen's complaint is that Alcoa should not have reduced his pension benefit payments.  Walsen's claims are based on Alcoa's failure to pay him the pension benefit amounts described in the separation agreement and under the Plan.

Walsen filed suit against Alcoa alleging state law claims of breach of contract, fraudulent misrepresentation and negligent misrepresentation.  Alcoa moved to dismiss all three of Walsen's claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.  Alcoa contends that ERISA preempts Walsen's state law claims.  Walsen responds that his claims do not sufficiently relate to ERISA and are thus not preempted.

**II.      Standard of Review**

Alcoa's pending 12(b)(6) motion seeks dismissal of all of Walsen's claims.  A 12(b)(6) motion to dismiss tests the sufficiency of a complaint.  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 550 (2007)).  "A claim has facial plausibility when the plaintiff pleads

---

[1] Alcoa attached the Plan as Exhibit A to its memorandum in support of its Motion.  (Doc. # 6-2).  Because the Plan is central to Walsen's complaint, Alcoa's attachment of the Plan to its Motion does not convert the Motion into one for summary judgment.  *See e.g. Teagardener v. Republic-Franklin, Inc.*, 909 F.2d 947, 950 (6th Cir. 1990).  Walsen does not dispute Alcoa's attachment of the Plan to its Motion.

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

**III.     ERISA Preemption of State Law Claims**

ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . ." 29 U.S.C. § 1144(a). The United States Supreme Court has held that "Congress' intent in enacting ERISA was to completely preempt the area of employee benefit plans and to make regulation of benefit plans solely a federal concern." *Cromwell v. Equicor-Equitable HCA Corp.*, 994 F.2d. 1272, 1276 (6th Cir. 1991) (citing *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987)). Following the Supreme Court's directive, the Sixth Circuit has construed the scope of ERISA's preemption provision broadly. Indeed, the Sixth Circuit has "repeatedly recognized that virtually all state law claims relating to an employee benefit plan are preempted by ERISA." *Cromwell*, 994 F.2d. at 1276; *see e.g., Nester v. Allegiance Healthcare Corp.*, 315 F.3d 610, 613 (6th Cir. 2003) ("any juridical complaint for recovery of any benefits allegedly due to the plaintiff under an employee benefit plan is strictly, and exclusively, governed by ERISA"); *Caffey v. Unum Life Ins. Co.*, 302 F.3d 576, 582 (6th Cir. 2003).

The phrase "relate to an employee benefit plan" is construed broadly. *Cromwell*, 994 F.2d at 1275. In the ERISA preemption context, the Supreme Court and the Sixth Circuit have given the term "relate to" broad meaning such that a state law claim is preempted if it has a connection with or a reference to an ERISA employee benefit plan. *See Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96-97 (1983); *Briscoe v. Fine*, 444 F.3d 478, 497 (6th Cir. 2006) (noting that both the Supreme Court and the Sixth Circuit emphasize the expansiveness of ERISA preemption). Thus, "a state law cause of action is preempted if 'it has connection with or

reference to'" an ERISA plan. *Cromwell*, 994 F.2d at 1275 (quoting *Metropolitan Life Ins. Co. v. Mass.*, 471 U.S. 724, 730 (1985)).

Here, Walsen asserts three state law claims. The heart of Walsen's complaint is that Alcoa should not have reduced his pension benefit payments under the settlement agreement. In Count I, Walsen asserts a claim for breach of contract. (Doc. # 1, ¶¶ 16-18). Walsen claims that Alcoa's reduction of Walsen's benefit payments constitutes "a breach of the obligations and provisions of [Alcoa] under the separation agreement." (*Id*. at ¶ 17).

In Count II, Walsen alleges a claim for fraudulent misrepresentation, stating that Alcoa fraudulently misrepresented the amount of Walsen's monthly pension benefit payments and unilaterally reduced the amount of the payments. (*Id*. at ¶¶ 19-29). Walsen also asserts that Alcoa knew the pension benefit payment amounts were false, and that Alcoa represented the false amounts to Walsen with the intent to defraud and induce Walsen to retire early and execute the separation agreement. (*Id*.)

In Count III, Walsen asserts a claim for negligent misrepresentation. (*Id*. at ¶¶ 30-39). Walsen claims that Alcoa falsely represented to him that he would receive higher pension benefit payments and Alcoa knew, or should have known with the exercise of reasonable care, that the payment amounts were false when represented to him. (*Id*.) Finally, with respect to Counts II and III, Walsen asserts that he justifiably relied on Alcoa's representations as to the pension benefit payment amounts, his reliance was reasonable under the circumstances, and he would not have signed the separation agreement had he known the actual facts. (*Id*. at ¶¶ 24-26, 35-37).

Alcoa moved to dismiss, with prejudice, Walsen's claims on the grounds that all three of Walsen's state law claims "relate to and are inextricably connected with an employee benefit

plan and are preempted by ERISA." (Doc. # 6, p. 3). Alcoa asserts that because "Plaintiff's state law claims, are in essence, claims for recovery of an ERISA plan benefit", ERISA preempts the claims. (*Id*. at p. 6). Further, Alcoa argues that Walsen's rights to his pension benefit payments are governed under an ERISA plan and the redress for the denial of benefits must be sought under ERISA. (*Id*. at p. 7). Alcoa's arguments are well-taken and the Court determines that ERISA preempts Walsen's state law claims.

Each of Walsen's claims is based on Alcoa's failure to pay him the pension benefits described in the separation agreement and under the Plan. The "nature of the remedy" Walsen seeks is thus, "primarily plan related." *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 861 (6th Cir. 2007). "It is not the label placed on a state law claim that determines whether it is preempted, but whether in essence such a claim is for the recovery of an ERISA plan benefit." *Cromwell*, 944 F.2d at 1276. Walsen's claims are for the recovery of ERISA plan benefits. All three of Walsen's causes of action are premised on the existence of an ERISA plan and any alleged damages stem from an evaluation and calculation of benefits under such plan. Walsen's claims "relate to" an ERISA benefit plan; his claims have a "connection with or a reference to" an ERISA benefit plan. *Shaw*, 463 U.S. at 96-97 (1983); *Briscoe*, 444 F.3d at 497; *Cromwell*, 994 F.2d at 1275. Thus, his claims sufficiently relate to an ERISA plan and are subject to ERISA preemption. *Briscoe*, 444 F.3d at 499 ("any contention that the employer had defrauded [plaintiff] of the plan benefits would 'relate to' the plan and be subjection to preemption"); *Cromwell*, 944 F.2d at 1276 (preempting state law claims of breach of contract and negligent misrepresentation); *Nester*, 315 F.3d at 613 (claims for recovery of benefits allegedly due to plaintiff under an ERISA plan are "strictly, and exclusively, governed by ERISA

jurisprudence"). Contrary to Walsen's contention, *Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444 (6th Cir. 2007) does not save his state law claims from ERISA preemption. *Marks* is distinguishable and Walsen's reliance on it is misplaced. In *Marks*, plan administrators rejected an employee's claim under a severance agreement. The employee filed suit against his employer asserting state law claims for breach of contract, fraud and misrepresentation. The employee claimed that his employer fraudulently induced him to accept employment and to accept changes to the existing ERISA plan. *Id*. at 453. The district court dismissed plaintiff's state law claims, determining they were preempted by ERISA. The Sixth Circuit affirmed the district court in part, holding that—to the extent that the employee alleged that the employer misled him into not exercising his rights under the plan—ERISA preempted those claims. *Id*.

The *Marks* Court reversed the district court's preemption dismissal as to the plaintiff's breach of contract claim:

> Marks alleges that, without cause, [defendant] significantly altered his duties and reduced his compensation. Because this conduct may constitute a breach of Marks's employment contract *irrespective of the plan*, the breach of contract claim is not preempted.

*Id*. (emphasis added). Walsen does not allege that Alcoa significantly altered his employment duties and/or compensation under his employment contract. Unlike in Walsen's case, in *Marks*, the plaintiff's breach of contract claim was premised on his employment contract, which was independent of the underlying benefit plan. *See Ford v. Owens-Illinois Inc.*, No. 3:07CV1828, 2009 WL 3698489 (N.D. Ohio Nov. 4, 2009) (distinguishing *Marks* and holding plaintiff's state law claims were preempted by ERISA).

In *Ford*, the plaintiff argued that ERISA did not preempt his state law claims of breach of contract, misrepresentation and promissory estoppel. Like in *Marks* and the present case, the

plaintiff in *Ford* argued that ERISA did not preempt his state law claims because the employee benefit plan was only relevant to a calculation of damages. The court, however, distinguished *Marks* and dismissed the state law claims because there were preempted by ERISA:

> In [*Marks*] plaintiff rested his breach of contract claim on his employment contract, which was independent of the underlying benefit plan. Ford, in contrast, alleges the breach of an agreement to pay certain retirement benefits under an ERISA-governed plan.

*Id*. at *7. Accordingly, the plaintiff's state law claims were preempted. Like in *Ford*, here Walsen alleges the breach of an agreement to pay certain retirement benefits under an ERISA-governed plan. Like in *Ford*, this Court finds that *Marks* is distinguishable. Indeed, a later Sixth Circuit panel interpreted *Marks* to mean that "any contention that the employer had defrauded [plaintiff] of *plan benefits* would 'relate to' the plan and be subject to preemption." *Briscoe*, 444 F.3d at 499 (emphasis added).

Walsen's reliance on *Ramsey v. Formica Corp.*, 398 F.3d 421 (6th Cir. 2005), is also misplaced. Walsen's attempts to distinguish *Ramsey* are not well-taken. *Ramsey* supports a determination that Walsen's claims are preempted by ERISA. The Sixth Circuit held that the employees' state law claims, which stemmed from the employer's actions in processing benefit payments, necessarily related to the pension plan and, thus were preempted by ERISA. *Id*. at 425. Therefore, as reasoned above, Sixth Circuit precedent dictates that Walsen's state law claims for breach of contract, fraudulent misrepresentation and negligent misrepresentation "relate to" the ERISA-governed Plan and are thus preempted by ERISA.

**IV. Jury Demand**

In its Motion, Alcoa also seeks to strike Walsen's jury demand. Alcoa asserts that the

jury demand should be stricken because ERISA does not permit a jury trial. Walsen did not address Alcoa's motion to strike the jury demand. Nonetheless, because the Court determines that Walsen's state law claims are preempted by ERISA and dismisses his complaint, Alcoa's motion to strike the jury demand is denied as moot.

V.     **Conclusion**

For the foregoing reasons, the Court **GRANTS** Alcoa's motion to dismiss, with prejudice, Walsen's complaint and **DENIES** as moot Alcoa's motion to strike Walsen's jury demand. Accordingly, the Court hereby **DISMISSES** Walsen's complaint with prejudice.

**IT IS SO ORDERED.**

       */s/Dan Aaron Polster 5/3/13*
**Dan Aaron Polster**
**United States District Judge**